UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
CLEANT HILAIRE,

               Plaintiff,

  -against-                                      MEMORANDUM AND ORDER
                                                   10 CV 5071 (ILG)
DEWALT INDUSTRIAL TOOL CO.,

               Defendant.
-------------------------------------------------x
GLASSER, United States District Judge:

       Pending before the Court are objections to an extensive Report by Magistrate Pollak and her Recommendation (R&R), which that Report essentially compelled that the defendant's motion for summary judgment and to preclude the testimony of the plaintiff's proposed liability expert be granted.

       The event that gave rise to this action is the severance of a portion of the plaintiff's left hand while he was attempting to cut wood using a table saw manufactured by the defendant. He alleges that the table saw was defectively designed and did not contain adequate warnings and that his serious injuries were caused entirely by the negligence of the defendant.

       Sought to be excluded is the testimony of one "liability expert" proposed to be offered by the plaintiff who will opine that the saw was defectively designed and that warnings of potential danger inherent in its use were inadequate.

       In a motion to preclude an expert from testifying, a court plays the role of a gatekeeper – determining whether he should be permitted to pass through the testimonial gate or whether that gate should remain closed to him. In making that

determination, the court is guided by two seminal cases, Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993); and Kumho Tire Co. Ltd. v. Carmichael, 526 U.S. 137 (1999). The rest (thousands of cases which followed in their wake), is commentary. Those cases teach that the discharge of the gatekeeping responsibility requires an answer to two questions: (1) is the proposed expert qualified to testify by virtue of his specialized "knowledge, skill, experience, training or education?" Fed. R. Ev. 702; and (2) if deemed qualified, is his testimony reliable and will it assist the fact finder in deciding the issue? Both questions must be answered in the affirmative if the testimonial gate is to be opened. Magistrate Judge (MJ) Pollak's 48 page R&R is a virtual monograph on the law governing that determination in all of its nuances.

The facts to which the law was to be applied were meticulously distilled from the report of the testimony the proposed expert, Mr. Lewis Barbe, would give and from his deposition. A summary of the expert's qualifications gleaned from his resumé is as follows:

He has a Bachelor of Science degree from the Illinois Institute of Technology in Fire Protection and Safety Engineering. He has consulted as a "licensed safety engineer" for more than 35 years. He is registered and "certified" as a safety engineer in several states and by a number of Boards identified as C.S.P., C.P.S.M., C.H.C.M., H.S.P. with little or no information as to the qualifications for membership in or function of them. He is employed by 3 companies as a "Risk Manager" in one, and a "Safety Engineer" in another. Whether he has responsibility for designing products or for assessing products for safety and performance is unclear. His resumé reflects that he has taught safety engineering and compiled a reference manual for OSHA. He could remember only one

2

article he wrote that was published. He is a "participating member" in various professional organizations that develop safety standards for various products and industries. He stated that he is applying for a patent on a safety device to be used on table saws and portable table saws, but for reasons of confidentiality refrained from discussing its details.

He testified on deposition that he testified at approximately 100 trials, was deposed approximately 400-500 times and was unable to recall any case in which he testified for a defendant. He has no training or experience in designing table saws. He has neither lectured on nor taught courses on the design or manufacture of table saws. He never owned a table saw, only used one within the last 2 years, and never worked as a carpenter. His report concluding negligence in design and manufacture given the many safety devices and safety technology available but not used on the offending saw is confidently asserted despite his admission that he never saw a marketed table saw equipped with the safety devices and the technology he describes; nor has he ever designed table saws incorporating those safety devices. His qualifications as discerned from his resumé and deposition testimony that has any relevance to the issue in this case is extensively discussed in the R&R at pages 5-9 and 12-25. In the light of that discussion the MJ's recommendation, albeit made reluctantly, that he is "barely" qualified to testify, is magnanimously charitable.

The balance of the R&R, pages 25-47, can only be described as an incisive, logical analysis of the proposed expert's qualifications which compels the conclusion that they are patently inflated and that his proposed testimony is based on facts, methods and principles which are insufficient and unreliable and which will provide no meaningful

3

help to "the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Ev. 702(a)-(c).

The R&R is, accordingly, adopted in its entirely.

SO ORDERED.

Dated:     Brooklyn, New York
             October 8, 2014

                                                        S/
                                        I. Leo Glasser